IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 09-3064-CV-S-RED-H |
| MARTY C. ANDERSON, Warden ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that he has been wrongfully denied jail time credit toward the completion of his federal sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's contentions are without merit, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he was impermissibly denied 15 months of jail time credit, which he has requested against his current federal sentence.

After a Show Cause Order, a Response was filed. Subsequently, petitioner filed pleadings, which have been construed as a traverse, in which he reasserts and amends the allegations of his original petition.

A review of the record indicates that petitioner is in the custody of the Attorney General, serving a 24-month term of imprisonment for a Supervised Release Violation, with a projected release date of September 13, 2009. His original sentence in federal court was for 57 months, which

he received in December 18, 1998. In 1999, he was sentenced to a 24-month state sentence in Alabama for a parole violation on a previous 20-year sentence. Petitioner contends that the BOP refused to give him presentence detention jail credit for the period between January 28, 1998, through April 16, 1999, the period of time when there was a federal detainer against him. He asserts that the Alabama State Board of Pardons and Parole also refused to give him presentence detention jail credit for that period of time.

According to respondent, it was explained to petitioner through the administrative remedy process that he was serving an Alabama state sentence when he appeared in federal court on the writ. Because he was receiving credit on his state sentence when he received his federal sentence, respondent maintains that he would receive double credit if he also received 15 months of federal credit, which is against BOP policy.

The law is clear that an individual must be in exclusive federal custody for a federal term to begin at the date of sentencing. 18 U.S.C. § 3585(a). Additionally, a federal prisoner is not entitled to credit on a federal sentence when he received credit on a state sentence for the same time period. U.S. v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 114 S.Ct. 1629 (1994). If a petitioner were allowed federal credit for time spent serving a sentence imposed by a state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b). According to the BOP sentence computation manual, Program Statement 5880.28, time spent in custody under a writ from non-federal custody is not considered for the purpose of crediting federal presentence time.

Petitioner contends that he did not receive any credit against his state sentence for the time period in question. In this case, however, according to a response from the Warden, he received all applicable jail credit toward his state sentence. It was explained that he was in state custody when the U.S. Marshals Service in the Middle District of Alabama picked him up on March 25, 1998,

pursuant to a writ of habeas corpus ad prosequendum. He was sentenced on the federal charges on December 18, 1998. At the time he received his federal sentence, the sentence was not ordered to run concurrent to his state sentence, and therefore, was a consecutive sentence. Petitioner was subsequently released from the state sentence on April 23, 2001, to serve his federal sentence. In this case, the record indicates that, according to the Lee County Alabama Circuit Court, petitioner was convicted on March 27, 1990, to a 20-year sentence. He was released on parole on September 1, 1997. "According to the Alabama Department of Corrections [he was] re-captured as a parole violator on January 28, 1998, and released on April 23, 2001." [Regional Administrative Remedy Appeal]. Regardless of petitioner's contentions to the contrary, the logical reading of this statement is that the period that he questions, January 28, 1998 through April 16, 1999, was credited toward his state sentence. Although petitioner may have correctly construed the BOP's sentence computation policy to mean that other jail time could be credited to a revocation sentence, this would clearly only be true in circumstances where credit was not awarded to the original sentence or any other sentence.

Having carefully reviewed petitioner's contentions, the Court finds that it must be recommended that the petition for habeas relief be denied. The record indicates that petitioner has received credit towards his state sentence for the time period in question. Therefore, he is not entitled to credit on his supervised release violator sentence, and is legally within the custody of the Attorney General at this time. Accordingly, petitioner's contentions in this regard are without merit, and it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues

presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be, and is hereby, dismissed without prejudice.

        /s/ James C. England
        JAMES C. ENGLAND, CHIEF
        UNITED STATES MAGISTRATE JUDGE

Date: April 13, 2009

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge. The Court is aware that petitioner has objected to the motion to withdraw filed by counsel. Given the report and recommendation in this case, the Court notes petitioner's objection, but finds that the motion to withdraw is well-taken and should be granted.